UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | VIOLATION: |
| | : | 18 U.S.C. § 371 (Conspiracy to Commit |
| VAZENA L. CHAPMAN, | : | Wire Fraud) |
| | : | |
| Defendant. | : | FORFEITURE ALLEGATION: |
| | : | 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

1. Between in or about October 2015 and in or about April 2016, within the District of Columbia and elsewhere, Defendant VAZENA L. CHAPMAN together with other co-conspirators, known and unknown to the United States, did knowingly and willfully conspire, combine, confederate, and agree to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 1343 (wire fraud), in violation of Title 18, United States Code, Section 371 (conspiracy).

2. It was a purpose of the conspiracy for Defendant VAZENA L. CHAPMAN to unlawfully enrich herself and at least one other co-conspirator by submitting false and fraudulent claims, medical records, and supporting documentation to the American Family Life Assurance Company of Columbus ("Aflac") seeking reimbursement for health care benefits, items, or services that were not actually performed on or received by Defendant VAZENA L. CHAPMAN.

3. As part of the scheme, Defendant VAZENA L. CHAPMAN provided her Aflac login and account information to Sharell Pitts, who filed fraudulent claims in Defendant VAZENA L. CHAPMAN's Aflac account. After Aflac paid the fraudulent claims to Defendant

VAZENA L. CHAPMAN, Defendant VAZENA L. CHAPMAN provided a portion of proceeds in cash to Sharell Pitts.

    4.    In furtherance of the conspiracy, and in order to effect the objects thereof, Defendant VAZENA L. CHAPMAN, together with other co-conspirators, known and unknown to the United States, in various combinations, directly and indirectly, within the District of Columbia and elsewhere, committed overt acts, including, but not limited to, the following:

    a.    Defendant VAZENA L. CHAPMAN provided her Aflac login and account information to Sharell Pitts.

    b.    Sharell Pitts obtained the medical paperwork of A.F., relating to a broken leg from fall in a parking lot and medical treatment at Medical Facility A in the District of Columbia, replaced A.F.'s name and address on that paperwork with Defendant VAZENA L. CHAPMAN's name and address, and submitted that altered, false, and fraudulent paperwork in Defendant VAZENA L. CHAPMAN's Aflac account for reimbursement.

    c.    Sharell Pitts obtained the medical paperwork of Z.D., relating to a leg fracture from a jump from a height and amputation and medical treatment at Medical Facility B in the District of Columbia, replaced Z.D.'s name and address on that paperwork with Defendant VAZENA L. CHAPMAN's name and address, and submitted that altered, false, and fraudulent paperwork in Defendant VAZENA L. CHAPMAN's Aflac account for reimbursement.

    d.    Sharell Pitts obtained the medical paperwork relating to acute asthma and medical treatment at Medical Facility C in the District of Columbia, replaced the patient name and address on that paperwork with Defendant VAZENA L. CHAPMAN's name and address, and submitted that altered, false, and fraudulent paperwork in Defendant VAZENA L. CHAPMAN's Aflac account for reimbursement.

e.  Defendant VAZENA L. CHAPMAN and Sharell Pitts submitted the following fraudulent claims to Aflac through Defendant VAZENA L. CHAPMAN's Aflac account:

| On or About Date | Claim Number | Injury/Condition | Victim | Payment Amount |
|---|---|---|---|---|
| November 4, 2015 | 138408888 | Broken Leg from Fall in Parking Lot | A.F. | $11,070.00 |
| December 29, 2015 | 204309012 | Leg Fracture from Jump from Height/ | Z.D. | $25,735.00 |
| April 12, 2016 | 125709247 | Acute Asthma | Unknown | Denied |

**(Conspiracy to Commit Wire Fraud,
in violation of Title 18, United States Code, Section 371)**

**FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in Count One, the Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The United States will also seek a forfeiture money judgment against the Defendant in the amount of $36,805.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

3

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By: _____
DAVID B. KENT, D.C. Bar No. 482850
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7762
David.Kent@usdoj.gov

DATED: December 17, 2020